## In re YOUNG.

*(Circuit Court, N. D. Illinois.* November 3, 1881.)

1. BANKRUPTCY—APPLICATION FOR A DISCHARGE—WHEN SEASONABLE.

   The application of a bankrupt for a discharge is seasonable if made before the final disposition of the case.

2. CASE STATED.

   Order denying a bankrupt his discharge for want of timely application reversed, where the application was made before a final order closing the case, though after an order permitting a creditor to move for a final order.

*James Coleman,* for bankrupt.
*John W. Ranstead, contra.*

DRUMMOND, C. J. The bankrupt in this case was adjudged a bankrupt in 1878. On the sixth of September, 1880, no application for a discharge having been made to the district court by him, that court made an order that all bankrupts who should not take the necessary steps to have the question of their right to a discharge ready to be determined on or before the first Monday in December following, would be deemed to have unreasonably delayed in endeavoring to obtain a discharge, and it was declared that any creditor or other person interested in the bankrupt's estate might, without notice, move for a final order closing the case and denying the discharge for want of timely application therefor. The bankrupt had notice of this order, but the counsel who had attended to his case being sick, he states that he was informed and believed, on that account, no steps would be taken to prejudice his right to make the application for discharge.

On the the fifteenth of December the bankrupt caused an application in due form to be made for his discharge and presented to the clerk of the district court, who refused to receive it, because of the order of the court of the sixth of September. On the third of January, 1881, the matter was brought to the notice of the district court by a petition in due form alleging these facts, and on the same day a creditor of the bankrupt, who had previously proved his debt against the estate, made an application to the court for a final order closing the case and denying a discharge to the bankrupt, and the court thereupon granted the application of the creditor, and denied the bankrupt his discharge for want of a timely application for a discharge.

It is this order of the district court which the bankrupt asks to have reversed, and that the district court should grant his discharge, and the only question in the case is whether he should have been permitted to apply for a discharge under the facts stated. There can be no doubt it was entirely competent for the district court to make the order of September 6, 1880. Proceedings were pending in many cases without any application having been made for the discharge of the bankrupts respectively, and it was quite proper that some action should be taken by the court in order to finally close all these various proceedings. The only question is whether the court could refuse the application before the case was finally closed by some action which had that effect. The law upon this subject, as it was modified by the amendment of July 26, 1876, is as follows:

"At any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come into the hands of the assignee at any time after the expiration of 60 days, *and before the final disposition of the cause*, the bankrupt may apply to the court for a discharge from his debts. This section shall apply in all cases heretofore or hereafter commenced."

If there had been an order of the district court made, as contemplated by that of the sixth of September, 1880, finally closing the case, before the application was made by the bankrupt for a discharge on the fifteenth of December, there could have been no doubt that it would have been too late; but, in fact, no action was taken by the court, finally closing the case, until after the application for a discharge was made to the clerk of the court.

On the third of January, 1881, the bankrupt called the attention of the court to the fact that he had made his application on the fifteenth of December, 1880. He ought not to be prejudiced by the refusal of the clerk then to receive and file the petition for a discharge. At that time the case had not been finally disposed of, and it was not until the third of January, 1881. I adhere to the ruling made in the case of *In re Forsyth*, Chi. Leg. News, Dec. 11, 1880, "that in order to deprive the bankrupt of the right to make his application for a discharge there should be some action of the court to the effect that the case had been finally disposed of." So that, I think, the true construction of the order of the district court of the sixth of September, 1880, when considered in connection with the act of congress upon this subject, already referred to, must be that, until the final disposition of the cause by some action of the court, the effect of which is to show such disposition, the bankrupt has a right to present his application for a discharge, because the statute gives him that right, and if there is no other reason than such as appears in this case his discharge ought to be granted.

The order of the district court, therefore, will be reversed, and that court directed to proceed and grant the discharge, unless some other reason is found to exist than that stated in the order here sought to be reviewed.